NOT FOR PUBLICATION

**FILED**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

JUL 16 2019

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| NILESH BHARATKUMAR KUMAR, | No. 18-55972 |
| Petitioner-Appellant, | D.C. Nos. 8:18-cv-00421-RGK 8:09-cr-00132-RGK-3 |
| v. | |
| UNITED STATES OF AMERICA, | MEMORANDUM* |
| Respondent-Appellee. | |

Appeal from the United States District Court
for the Central District of California
R. Gary Klausner, District Judge, Presiding

Submitted July 11, 2019**
Pasadena, California

Before: M. SMITH and FRIEDLAND, Circuit Judges, and SIMON,*** District Judge.

Nilesh Bharatkumar Kumar appeals the district court's denial of his petition

for a writ of error coram nobis. Kumar, a citizen of the United Kingdom, pleaded

---

\* This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

\** The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

\*** The Honorable Michael H. Simon, United States District Judge for the District of Oregon, sitting by designation.

guilty in January 2010 to one count of conspiring to use and possess unauthorized access devices under 18 U.S.C. § 1029(b)(2). He was sentenced in April 2010 to 24 months imprisonment and two years of supervised release, and he was ordered to pay restitution. Kumar now seeks to collaterally attack his conviction, arguing that he received ineffective assistance of counsel because his counsel failed to advise him—and then misadvised him—about the immigration consequence of his plea. The district court denied Kumar's petition. Reviewing de novo, *see United States v. Riedl*, 496 F.3d 1003, 1005 (9th Cir. 2007), we affirm.

To prevail on a petition for a writ of error coram nobis, a petitioner must show four things: "(1) a more usual remedy is not available; (2) valid reasons exist for not attacking the conviction earlier; (3) adverse consequences exist from the conviction sufficient to satisfy the case or controversy requirement of Article III; and (4) the error is of the most fundamental character." *Id*. at 1006 (quoting *Hirabayashi v. United States*, 828 F.2d 591, 604 (9th Cir. 1987)).

A petitioner may "satisfy the fundamental error requirement by establishing that he received ineffective assistance of counsel." *United States v. Kwan*, 407 F.3d 1005, 1014 (9th Cir. 2005), *abrogated on other grounds by Padilla v. Kentucky*, 559 U.S. 356 (2010). To establish ineffective assistance of counsel, Kumar must show: (1) "that his counsel's performance fell below an objective standard of reasonableness," and (2) "that the deficiency in his counsel's

2

performance prejudiced him." *Id.* at 1014-15 (citing *Strickland v. Washington*, 466 U.S. 668, 688, 692 (1984)).

Even assuming Kumar has established his counsel's deficient performance, he has not established prejudice. To establish prejudice, a petitioner must demonstrate "a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different.'" *United States v. Rodriguez-Vega*, 797 F.3d 781, 788 (9th Cir. 2015) (quoting *Strickland*, 466 U.S. at 694). A "different result" for purposes of establishing prejudice in this context "means that but for counsel's errors, [the petitioner] would either have gone to trial or received a better plea bargain." *Id.* (quotation marks omitted). "A petitioner may demonstrate that there existed a reasonable probability of negotiating a better plea by identifying cases indicating a willingness by the government to permit defendants charged with the same or a substantially similar crime to plead guilty to a non-removable offense." *Id.* A petitioner can also satisfy this burden "by showing that she settled on a charge in a purposeful attempt to avoid an adverse effect on her immigration status." *Id.* at 789. We will "not upset a plea solely because of *post hoc* assertions from a defendant about how he would have pleaded but for his attorney's deficiencies. [We] instead look to contemporaneous evidence to substantiate a defendant's expressed preferences." *Lee v. United States*, 137 S. Ct. 1958, 1967 (2017).

Kumar fails to provide contemporaneous evidence to support his assertion that he would not have pleaded guilty but for any incorrect advice. Kumar does not assert in his affidavit that he ever asked his counsel about the immigration consequences of a conviction, much less that immigration consequences were "determinative" to his decision to accept the plea. *See id.* at 1963. Kumar therefore has not established that he would have gone to trial rather than pleaded guilty, if properly advised.

There is also no reason to believe that Kumar could have gotten a better, immigration-neutral plea deal. He has not submitted any evidence that other defendants originally charged with the same or similar crimes have signed immigration-neutral plea agreements. *See Rodriguez-Vega*, 797 F.3d at 788. In fact, the evidence in the record suggests that Kumar could not have fared any better: to avoid deportation, Kumar would have needed the Government to stipulate to a loss amount under $10,000. *See* 8 U.S.C. § 1101(a)(43)(M)(i) (an offense that "involves fraud or deceit in which the loss to the victim or victims exceeds $10,000" is an "aggravated felony"); *id.* § 1227(a)(2)(A)(iii) ("Any alien who is convicted of an aggravated felony at any time after admission is deportable."). But Kumar's counsel at the plea stage tried and failed to negotiate an agreement with a lower loss amount—the prosecutor insisted that a $200,000 loss amount was appropriate. Kumar has not established he would have received a

4

better plea bargain, and he therefore has not met his burden to show that, but for any asserted errors of counsel, his proceedings would have ended in a different result.

For the foregoing reasons, the district court's denial of the petition is **AFFIRMED.**